NEW BRUNSWICK TRUST COMPANY, A BANKING CORPO-
RATION, RELATOR, v. CHARLES DAY, COLLECTOR OF
TAXES OF THE TOWNSHIP OF PISCATAWAY, COUNTY
OF MIDDLESEX AND STATE OF NEW JERSEY, AND
TOWNSHIP OF PISCATAWAY, A MUNICIPAL CORPORA-
TION OF NEW JERSEY, IN THE COUNTY OF MIDDLE-
SEX, RESPONDENTS.

LIBBRUN HOLDING COMPANY, A CORPORATION OF NEW
JERSEY, RELATOR, v. CHARLES DAY, COLLECTOR OF
TAXES OF THE TOWNSHIP OF PISCATAWAY, COUNTY
OF MIDDLESEX AND STATE OF NEW JERSEY, AND
TOWNSHIP OF PISCATAWAY, A MUNICIPAL CORPORA-
TION OF NEW JERSEY, IN THE COUNTY OF MIDDLE-
SEX, RESPONDENTS.

Submitted January 20, 1937—Decided April 12, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the relators, *Hicks, Kuhlthau & Thompson* (*Douglas
M. Hicks*).

For the respondents, *Maurice M. Bernstein*.

The opinion of the court was delivered by

CASE, J. These proceedings are in effect one. Libbrun
Holding Company is a subsidiary of, and the holding com-
pany for, New Brunswick Trust Company. The single object

of the alternative writs of *mandamus* is to obtain the cancellation of the 1926, 1927 and 1928 Piscataway township taxes against a real estate property located within that township upon which the trust company holds a mortgage and the title to which, on the owner's continued default in the mortgage obligations, was conveyed to the trust company's nominee, Libbrun Holding Company. To the alternative writ in the trust company case the respondents made return, and to that return the relator demurred. In the Libbrun case the respondents demurred to the writ.

The salient facts which, from the issues as thus presented, may be assumed are: The trust company held a promissory note of the Middlesex Mortgage Company in the amount of $13,394.30. As security for the payment of that debt the mortgage company, on April 28th, 1934, assigned to the trust company a real estate mortgage in the amount of $4,000 made by James C. McCabe, Jr., covering the involved premises. On April 10th, 1935, Samuel D. Hoffman, a counselor-at-law, procured, at the cost and expense of the trust company, from the person who had been designated by the township as its official tax searcher a tax search covering the premises. That search showed the taxes unpaid for the year 1929 and all years subsequent thereto but did not set forth any taxes or assessments unpaid for the years prior to 1929. On October 24th, 1935, the trust company accepted a renewal of the mortgage company's indebtedness by a note in the amount of $12,899.54 and continued to hold the aforesaid mortgage as part collateral as theretofore. On August 11th, 1936, the Libbrun Holding Company, which had meanwhile, on the nomination of the trust company, accepted title from the defaulting mortgagor, contracted with Gido Vizioli to sell the property to him for $3,500, with the understanding that out of the proceeds of sale there should first be paid the taxes for 1929 and years subsequent and the balance paid to the trust company, which undertook to accept that balance in payment of the mortgage. Thereupon Vizioli procured a new tax search which disclosed unpaid taxes for the years 1926, 1927 and 1928 in addition to unpaid taxes for 1929 and subsequent years. The unpaid taxes for 1926, 1927 and 1928

were shown in the amount of $820.22 with large accruals of interest. The purchaser refused to pay so much of the purchase price as equaled the tax lien for the years mentioned until the taxes be paid or canceled of record. Hence these proceedings to effect cancellation.

The pertinent statute is section 14 of chapter 237, *Pamph. L.* 1918, *p.* 886: "Any person who shall acquire for valuable consideration an interest in any lands covered by any such official tax search, in reliance on said tax search, shall hold such interest free from any municipal lien held by the municipality and not shown on such search." It is manifest that the relief here provided is dependent upon the proposition that the person who seeks the relief shall have acquired his interest in the lands in reliance on the tax search. It is alleged in the trust company writ that that company relied upon the faulty tax search in accepting the new note of the mortgage company in the amount of $12,889.54. That allegation is denied in the return, and the demurrer to the return assumes the truthfulness of the denial. The Libbrun writ recites that the relator therein relied upon the search in entering upon the agreement to sell to Vizioli. But the statute only goes to the help of those who shall have *acquired* their interest in reliance on the search. While the writ alleges that the search certificate was exhibited to the officers of relator at the time of the acquisition of title, it does not allege that the relator then relied thereon.

We conclude that neither of the relators stands within the purview of the statute. The demurrer by relator, New Brunswick Trust Company, to the return filed to its writ will be quashed. The demurrer filed by the respondents to the writ of Libbrun Holding Company, relator, will be sustained and the writ will be quashed. Costs to the respondents in both cases.